**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-380

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2024

| | | |
|---|---|---|
| Jeffrey Rivard\* v. Windham County State's Attorney Office et al. | } } } } } } } | APPEALED FROM:<br><br>Superior Court, Windham Unit, Civil Division<br>CASE NO. 23-CV-03108<br>Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order dismissing his claims of malicious prosecution and failure to prosecute on the grounds that the claims were barred by prosecutorial immunity and that the pleading failed to state a claim.  We affirm.

The record provides the following facts.  In July 2023, plaintiff filed suit against the Windham County State's Attorney's Office, the Sheriff's Office, and Deputy State's Attorney Dana Nevins alleging malicious prosecution, misconduct, and failure to provide oversight. Among other allegations, plaintiff claimed that the State objected to requests for amendments to bail conditions, made false statements in court, overcharged him in certain criminal cases, and refused to charge for wrongs committed against him.  Many of plaintiff's allegations stemmed from two criminal matters in which plaintiff was the defendant, 20-CR-471 and 1370-11-19 Wmcr.  At the time plaintiff's complaint was filed, neither criminal matter was fully resolved. Plaintiff claimed that the malicious prosecution caused him invasion of privacy, defamed him, caused him mental and emotional distress, and caused him travel and medical expenses.  Plaintiff sought damages and injunctive relief.

Defendants moved to dismiss based on prosecutorial immunity and for failure to state a claim.  Plaintiff opposed the motion and sought to amend his complaint to include assault by the deputy state's attorney and actions against the state's attorney.  Defendants opposed the request to amend as futile, asserting that the additional claims were barred by prosecutorial immunity and the assault claim was beyond the statute of limitations.

The court carefully reviewed each of plaintiff's claims. As to the motion to amend the complaint, the court denied the request as futile. Because the personal-injury claim allegedly occurred in December 2019, the court concluded that it was outside the three-year statute of limitations and it would therefore be futile to add it to the complaint. As to the malicious-prosecution claim against the state's attorney, the court concluded that this claim had the same deficiencies as the claims against the deputy state's attorney, discussed below and would therefore also be subject to dismissal.

On the merits of plaintiff's claims, the court concluded that the claims alleging the deputy state's attorney failed to charge or overcharged were barred by prosecutorial immunity because the decisions regarding whether to charge or what to charge were essential prosecutorial functions. See Levinsky v. Diamond, 151 Vt. 178, 193-94 (1989) (explaining that prosecutors are protected by absolute immunity for acts "intimately associated with the judicial phase of the criminal process" (quotation omitted)). The court also concluded that plaintiff's malicious-prosecution claim was subject to dismissal for failure to state a claim because plaintiff failed to provide evidence for an essential element—that the proceeding terminated in plaintiff's favor. As to plaintiff's allegation that the sheriff's office negligently supervised the deputy state's attorney, the court concluded that plaintiff failed to state a claim because he did not show there was a duty to supervise or any breach of such duty. The court therefore granted the motion to dismiss. Plaintiff appeals.

This Court reviews "motions to dismiss de novo and will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Rodrigue v. Illuzzi, 2022 VT 9, ¶ 30, 216 Vt. 308 (quotation omitted). All facts and inferences are construed in plaintiff's favor, but "courts are not required to accept conclusory allegations or legal conclusions masquerading as factual conclusions." Id. ¶¶ 30, 33 (quotation omitted).

On appeal, plaintiff reasserts his claim that he was assaulted in December 2019 by Deputy State's Attorney Nevins. The civil division acted within its discretion in denying as futile plaintiff's request to amend his complaint to add this claim because it is outside the three-year statute of limitations for assault, and therefore would have been subject to dismissal. See 12 V.S.A. § 512 (providing that actions for assault must be commenced within three years); Vasseur v. State, 2021 VT 53, ¶ 7, 215 Vt. 224 (explaining that court may deny motion to amend complaint if amendment would be futile).

Plaintiff also argues on appeal that he was subjected to malicious and selective prosecution. In his filings to this Court, plaintiff for the first time refers to two criminal matters that were not part of his filings below. Because these matters were not presented to the trial court, we do not reach plaintiff's arguments concerning them. See Peachey v. Peachey, 2021 VT 78, ¶ 13, 215 Vt. 570 (requiring party to present issue to trial court to preserve for appeal). Plaintiff's other assertions regarding malicious and selective prosecution fail to state a claim for malicious prosecution because he did not plead facts to support one of the essential elements— that the allegedly improper proceedings terminated in his favor. See Siliski v. Allstate Ins. Co., 174 Vt. 200, 203 (2002) ("In order to recover for malicious prosecution, a plaintiff must demonstrate that a party instituted a proceeding against the individual without probable cause, that the party did so with malice, that the proceeding terminated in that individual's favor, and

that the individual suffered damages as a result of the proceeding.").  Plaintiff has failed to demonstrate any ground to disturb the judgment of the civil division.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice